UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:12-CV-00367-JHM**

**RALPH ROYER and**
**MELODY ROYER**                                                                                         **PLAINTIFF**

**v.**

**MEDTRONIC, INC.;**
**MEDTRONIC SOFAMOR DANKEK USA, INC.**
**TOBY WILCOX; AND**
**TONY WHITLOW**                                                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs Ralph Royer and Melody Royer's motion to remand pursuant to 28 U.S.C. § 1447(c) [DN 19]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

In February of 2007, Dr. Clark Bernard performed a three level corpectomy on Plaintiff Ralph Royer. The surgery required the removal of multiple disks, and the installation of a Medtronic manufactured device called a VerteStack. Another Medtronic manufactured product, Infuse, was also used during the surgery as a bone growth stimulator. Following the surgery, it was discovered that the VerteStack was not properly installed or had come apart, requiring additional surgery and rehabilitation. Plaintiff Royer filed an action against Dr. Bernard and Medtronic due to the complications with the VerteStack. The claim against Medtronic was settled by a confidential release and settlement agreement on May 3, 2010.

Meanwhile, Plaintiff Royer's condition, again, began to deteriorate, and a boney overgrowth was discovered. Due to the boney overgrowth, Plaintiff Royer has undergone several more surgeries, with potential for more, and continues to endure pain and suffering. Plaintiffs allege that

Infuse caused unusual boney growths as evidenced by an article published in *The Spine Journal*. Additionally, Plaintiffs claim that Infuse was approved by the FDA for single level lumbar surgeries, but never approved for use in cervical spine fusions, as the one that Plaintiff Royer underwent. With this knowledge, Plaintiffs filed a cause of action in Jefferson Circuit Court on May 30, 2012 against Medtronic, and its sale representatives, Toby Wilcox and Tony Whitlow. Plaintiffs state that the release signed on May 3, 2010, "purports to release all claims known and unknown," however, "[t]he sole consideration for the Release . . . was alleged defect or defects in a medical device known as a VerteStatck . . . . At no time was there any consideration given for releasing the Medtronic Defendants from liability for the defects as described in Infuse." (Complaint, ¶ 45 [DN 1-2].)

Defendants removed the case to the Western District of Kentucky on July 2, 2012 claiming fraudulent joinder of Defendants Wilcox and Whitlow. In their notice of removal, Defendants attached declarations of Toby Wilcox and Tony Whitlow. Both Defendant Wilcox and Defendant Whitlow state in their declarations that they did not have any communications with Dr. Bernard or Plaintiffs concerning off label use of Infuse or Plaintiff Royer's medical treatment. In support of their motion to remand, Plaintiffs provide the affidavit of Dr. Bernard who states that Tony Whitlow, as a sales representative for Medtronic, met with Dr. Bernard prior to Plaintiff Royer's surgery, and promoted and encouraged the off-label use of Infuse.

## II. STANDARD OF REVIEW

At issue in this motion is whether Toby Wilcox and Tony Whitlow were fraudulently joined. "'Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.'" Walker v. Philip Morris USA, Inc., 443 Fed. Appx. 946, 952 (6th Cir. Oct. 31, 2011) (quoting Saginaw Housing Comm'n v. Bannum, Inc., 576 F.3d 620, 624 (6th

Cir.2009)). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder." Id. (quoting Jerome–Duncan, Inc. v. Auto–By–Tel, L .L.C., 176 F.3d 904, 907 (6th Cir.1999)). The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.1999); Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999). "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." Probus v. Charter Communications, LLC, 234 Fed. Appx. 404, 407 (6th Cir. 2007) (internal citation omitted). See also Walker, 443 Fed. Appx. at 952. In making this determination, the Sixth Circuit recognizes that the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether the a plaintiff's complaint has misstated or omitted "discrete and undisputed facts " that would determine the propriety of joinder. Walker, 443 Fed. Appx. at 953 (citation omitted). In adopting the approach articulated by the Fifth Circuit, the Sixth Circuit in Walker stated in relevant part:

> [A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may ... "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.

3

Id. (quoting Travis v. Irby, 326 F.3d 644, 648–49 (5th Cir .2003)). Therefore, "[w]hen deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." Casias v. Wal–Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012) (citing Walker, 443 Fed. Appx. at 952–54)).

### III. DISCUSSION

The Complaint alleges three causes of action specifically against Defendant Whitlow and Defendant Wilcox. The first cause of action alleges that Wilcox and Whitlow engaged in fraud and conspiracy to commit fraud; the second cause of action alleges negligent misrepresentation, that Wilcox and Whitlow provided Plaintiffs and Dr. Bernard with false or incorrect information about Infuse; and the seventh cause of action is a breach of express warranty, alleging that Wilcox and Whitlow unlawfully promoted the off-label use of Infuse. (Complaint, ¶¶ 64, 71, 91 [DN 1-2].) Plaintiffs state the case should be remanded because their Complaint clearly states a non-diverse cause of action against Defendant Wilcox and Defendant Whitlow. In response, Defendants argue that Plaintiffs have failed to assert material factual allegations against Defendant Wilcox and Defendant Whitlow, and only offer conclusory allegations that do not satisfy the pleading standard. Using a motion to dismiss standard, the Defendants argue that Plaintiffs have not properly pled a claim of fraud, negligent misrepresentation, or breach of express warranty. (Defs. Response, 9 [DN 25] (citing Morris Aviation LLC v. Diamond Aircraft Indus., Inc., 730 F. Supp. 2d 683, 695 (W.D. Ky. 2010); Ashcroft v. Iqbal, 556 U.S. 662 (2010)).)

The Court agrees with Defendants that the Plaintiffs' Complaint, on its face, is lacking. However, "[t]he relevant inquiry is whether there is a colorable basis for predicting that a plaintiff may recover against a defendant." Casias, 695 F.3d at 433 (internal quotations omitted). The

Defendants focus their response to the motion to remand on the allegations set forth in the Complaint, but in deciding whether Defendants Wilcox and Whitlow were fraudulently joined, the Court may pierce the pleadings and look to outside evidence. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Walker, 443 Fed. Appx. at 953 (quoting Smallwood v. Illinois Central Railroad Co.., 385 F.3d 568, 573 (5th Cir.)).

The elements of fraud in Kentucky are as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury. UPS v. Rickert, 996 S.W.2d 464, 468 (Ky.1999). Kentucky adopted the tort of negligent misrepresentation in Presnell Const. Managers, Inc. v. EH Const., LLC., 134 S.W.3d 575, 581 (Ky. 2004). The relevant elements of negligent misrepresentation are as follows:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Id. at 580, adopting Restatement (Second) of Torts § 552. Lastly, "[i]n describing the requirements for alleging a breach of warranty claim, the Kentucky Supreme Court has said that 'a complaint which alleges facts showing positive representations by the defendant, upon which the plaintiff relied, sufficiently states a cause for breach of warranty even though it does not appear from the pleading whether an express or implied warranty is relied upon.'" Young v. Stock Yard Farm & Dairy Supply Inc., 2011 WL 864834, *4 (W.D. Ky. March 10, 2011) (quoting King v. Ohio Val.

5

Terminix Co., 214 S.W.2d 993, 996 (Ky.1948)).

Essential elements of fraud, negligent misrepresentation and breach of warranty include providing false information, which the defendant knew to be false, and the plaintiff relied on the false information causing damages. According to the Complaint, Infuse was approved by the FDA for specific surgeries, but not for the type of surgery performed on Plaintiff Ralph Royer. The Complaint further alleges that Medtronic knew and downplayed the risks of serious side effects, and Defendants, including Toby Wilcox and Tony Whitlow, knowingly concealed from Plaintiffs the dangers from using Infuse off-label. In fact, according to the Complaint, Defendants fraudulently and intentionally misrepresented material information regarding Infuse and provided false or incorrect information. (Complaint, ¶¶ 17, 19, 64, 71 [DN 1-2].) Additionally, the Complaint states that "Plaintiff Ralph Royer would not have consented to be treated with the off-label use of Infuse had he known of or been informed by Defendants of the true risks of the off-label use of Infuse." (Complaint, ¶ 51 [DN 1-2].) The Complaint does omit facts regarding whether Defendants Toby Wilcox and Tony Whitlow provided information specifically to Plaintiffs or Plaintiffs' physician, Dr. Bernard. However, in piercing the pleadings and looking to the affidavits, there is evidence that Defendant Whitlow spoke with Dr. Bernard, promoting the off-label use of Infuse, influencing Dr. Bernard and Plaintiff Ralph Royer to use Infuse in Plaintiff Royer's treatment. In Dr. Bernard's affidavit, he states that he used Infuse on Plaintiff Ralph Royer "because the product had been promoted and encouraged for off-label use by the sales representative for Medtronic, Mr. Tony Whitlow." (Bernard Aff. [DN 19-3.].) While Defendant Tony Whitlow's declaration contradicts Dr. Bernard's affidavit, the Court must resolve disputed facts in favor of the Plaintiffs. See Walker, 443 Fed. Appx. at 951. It is noted that Plaintiffs have failed to provide facts that Defendant Toby

Wilcox ever provided false or misleading information to Dr. Bernard or Plaintiffs. That being said, after piercing the pleadings, and given that the defendant bears a heavy burden to prove fraudulent joinder, there are allegations and facts suggesting that there is arguably a reasonable basis for predicting that the state law might impose liability on Defendant Tony Whitlow, a non-diverse defendant. Therefore, the Court finds that there is not complete diversity and it does not have jurisdiction over the case.

## IV. CONCLUSION

Resolving all contested issues of fact and ambiguities of state law in Plaintiff's favor, the Court finds that the Medtronic Defendants have not established that Tony Whitlow was fraudulently joined and, therefore, complete diversity is lacking and remand is proper. For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand [DN 19] is **GRANTED**. Medtronic's Motion to Stay All Proceedings in this Action [DN 20] is **DENIED**. The case is remanded to the Jefferson Circuit Court.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 22, 2013

cc: counsel of record
    Jefferson Circuit Court Clerk